WATKINS, Judge.
Plaintiff, Owen Guillory, appeals the granting of defendant’s motion for summary judgment dismissing his suit to annul a “judgment of paternity and child support” [1] based on fraud and ill-practices.[2]
FACTS
Plaintiff, Owen Guillory, married Jacqueline Arceneaux on November 1, 1975. On September 2, 1977, Shawn P. Guillory was born. On or about May 24, 1979, plaintiff left the matrimonial domicile. Thereafter, plaintiff’s wife filed a petition for legal separation on June 8, 1979. On October 1, 1979, Mr. Guillory answered her petition and reconvened for an immediate divorce. The answer and reconventional demand admitted that there was one child of the marriage and specifically requested visitation rights with his child; the reconventional demand specifically alleged that the plaintiff in reconvention was aware of an affair that his wife was having several months before he left the matrimonial domicile on May 24, 1979. By judgment dated August 11, 1980, Mr. Guillory was ordered to pay the sum of $300.00 per month in child support and maintain a policy of medical insurance. The parties were divorced by judgment dated April 15, 1980.
*979 On October 29, 1990, Mr. Guillory filed the instant suit seeking an annulment of judgment and injunctive relief. The plaintiff simultaneously filed a separate suit for declaratory judgment and injunctive relief and an action en desaveu alleging that he is not the biological father of the child.[3] Mrs. Arceneaux filed several declinatory and dilatory exceptions and thereafter filed the peremptory exceptions of no right and no cause of action. Thereafter Mrs. Arcen-eaux filed a motion for summary judgment in plaintiffs action en desaveu, docket number CA 92-0051. Mrs. Arceneaux did not file the motion for summary judgment into the record in the instant suit; however, it appears from the reasons for judgment and judgment filed in the instant suit that the trial court consolidated the two suits at this point and dismissed the plaintiffs suits based upon the motion for summary judgment filed in docket number CA 92-0051.[4] The plaintiff appealed asserting that the trial court erred in granting defendant’s motion for summary judgment.[5]
Although the plaintiffs petition in the instant suit seeks annulment based upon fraud or ill practices, it does not appear from the record that the trial court addressed this issue. We further note that plaintiffs brief to this court does not assign this issue as error, nor does he address this issue in his argument. Instead, the plaintiff assigns as error the failure of the trial court to find either LSA-C.C. arts. 184 or 189 unconstitutional. Accordingly, we will consider the issue of nullity of judgment because of fraud or ill practices abandoned. See Uniform Rules — Court of Appeal 2-12.4. Because the issues raised by appellant with regard to the constitutionality of LSA-C.C. arts. 184 and 189 are addressed in our opinion rendered this date in Guillory v. Arceneaux, 615 So.2d 975, we will not address them here.
The judgment of the trial court is affirmed. Costs of this appeal are to be paid by the appellant.
AFFIRMED.
GONZALES, J., concurs.

. Apparently the judgment of paternity which the plaintiff refers to is the judgment of divorce dated April 15, 1980, wherein no issue was raised as to whether he was the father of the child. Plaintiff in effect admitted he was the father of the child.

. The plaintiff also sought injunctive relief from the judgment providing for child support. However, the plaintiff failed to post a bond and the trial court dismissed the claim for injunctive relief. The plaintiff does not assign as error the dismissal of his claim for injunctive relief.

. The trial court also dismissed the plaintiff’s suit en desaveu on motion for summary judgment. The plaintiff appealed that judgment also and the merits of that appeal are addressed in Guillory v. Arceneaux, 615 So.2d 975 (La.App. 1 Cir.1993).

. We note that the trial court’s reasons for judgment and judgment in both suits are identical.

.The plaintiff does not contest the procedures followed in the trial court and bases his appeal solely on his contention that the application of LSA-C.C. arts. 184 and 189 are in derogation of his constitutional rights.